VEZZETTI REALTY COMPANY, INCORPORATED, a corporation, complainant,

*v.*

MODEL GARAGE, INCORPORATED, a corporation, defendant; BENEDICT A. BERONIO, receiver of Model Garage, Incorporated, respondent; M. G. H. REALTY COMPANY, a landlord creditor of Model Garage, Incorporated, appellant.

[Submitted October term, 1935. Decided January 31st, 1936.]

*Mr. John D. Pierson,* for the receiver of Model Garage, Incorporated, Benedict A. Beronio, receiver *pro se.*

*Mr. Thomas J. McAleer* and *Mr. Dominick J. Marrone,* for the M. G. H. Realty Company.

The opinion of the court was delivered by

CASE, J.

The receiver of Model Garage, Incorporated, removed goods of the agreed value of $50 from the premises theretofore occupied by the corporation, upon which premises rent for five

months had accrued in the sum of $1,500. On January 10th, 1935, the landlord, M. G. H. Realty Company, gave oral notice that five months' rent was due and on February 1st, 1935, filed with the receiver a proof of claim asserting preference for $1,500, which claim was allowed. The foregoing are practically all of the salient facts that have come to us. They are presented by a stipulation, which also states that "the issue to be decided by the court is whether, as a matter of law, the M. G. H. Realty Company is entitled to a preference, and if so, for how much?"

We are left to altogether too many assumptions. We assume from the title of the cause that M. G. H. Realty Company is a corporation. We also assume that Model Garage, Incorporated, was insolvent and that the receiver was appointed for that reason. We do not know when the receiver was appointed, when he took possession of or removed the goods (an important fact in connection with the notice of rent due (*Ayres* v. *Johnson, 7 N. J. Law 119; Peacock* v. *Hammitt, 15 N. J. Law 165; Hand* v. *Howell, 61 N. J. Law 142*); section 5 of the Landlord and Tenant act (*3 Comp. Stat. p. 3065*), or whether the goods were sold or, if so, for what amount. We further assume that the order appointing the receiver comprehended the authority of the receiver to take possession of the goods and chattels of the insolvent corporation and to convert them into money, but we are not informed. We do not know whether the present dispute was brought before the vice-chancellor by the receiver in the desire to be relieved from the preferential allowance theretofore granted by him or by other parties and for another purpose.

The court of chancery entered an order that the receiver's allowance of the entire rent claim as a preference be overruled, that the landlord's claim be allowed as a preference to the extent of $50 and that the balance $1,450, be allowed as a general claim. The landlord appeals and asserts as its only point that chancery erred in limiting the appellant's preference to the value of the goods removed from the leased premises.

The suit is based upon section 4 of the Landlord and Tenact act (*3 Comp. Stat. p. 3065*), which provides:

"That no goods or chattels whatsoever, lying or being, or which shall lie or be in or upon any messuage, lands or tenements, which are, or shall be leased for term of life or lives, year or years, at will or otherwise, shall be liable to be taken, by virtue of any execution, attachment or other process, unless the party at whose suit the said execution or other process is sued out, shall, before the removal of such goods from off the said premises, by virtue of such process, pay to the landlord of the said premises, or his bailiff, all rent due for the said premises, at the time of the taking such goods or chattels by virtue of such process, or which shall have accrued up to the day of the removal of the goods from off the said premises, whether by the terms of lease the day of payment shall have come or not, making a rebate of interest on the sum, the time of payment of which, by the terms of the lease shall not have come; provided, the said arrears of rent do not amount to more than one year's rent; and in case the said arrears shall exceed one year's rent, then the said party at whose suit such process is sued out, paying the said landlord or his bailiff one year's rent, may proceed to execute his process, as he might have done before the making of this act; and the sheriff or other officer is hereby empowered and required to levy and pay to the plaintiff, as well the money so paid for rent as the money to be made by virtue of such process."

The statute was originally passed March 10th, 1795. *Paterson 163.* Section 4 was copied from *8 Anne ch. 14 § 1; Central Bank of New Jersey* v. *Peterson, 24 N. J. Law 668; Ryerson* v. *Quackenbush, 26 N. J. Law 236, 245.* The original enactment related to the taking of goods by execution only but was extended by supplement of February 14th, 1837 (*P. L. 1836-1837 p. 128*), to apply to the removal of goods by writ of attachment or other process. The provisions of the supplement were incorporated within the body of the statute by the Revision of April 15th, 1846. *Rev. p. 85.* An order of the court of chancery appointing a receiver and directing him to take possession of the goods and chattels of an insolvent corporation and to convert them into money falls within the term "other process." *Franz Realty Co.* v. *Welsh, 86 N. J. Eq. 228; Wood* v. *McCardell, &c., Co., 49 N. J. Eq. 433.* The order of the court of chancery, if one was made, therefore bears similitude to the "writ of execution," and the receiver to the "sheriff," as the quoted words were used in the original statute.

In *Central Bank of New Jersey* v. *Peterson, supra,* it was said that "the remedy of the landlord is by action against the

sheriff, or if he thinks proper, he may apply to the court, as has been done in this case, to have his rent paid over to him out of the proceeds of the sale in the sheriff's hands." That is, in effect, what has been done here; the court allowed to the landlord a sum that was insufficient to meet the entire rent claim but was nevertheless the value of the goods and, we must assume, represented all of the proceeds of the sale if there was a sale. It was said in *Thomas* v. *Mirehouse, 19 Q. B. D. 563; 56 L. J. Q. B. 653; 36 W. R. 104; 3 T. L. R. 804 D. C.*:

"If he [the sheriff] commits a breach of duty by a wrongful sale, *i. e.,* a sale which takes place before the rent is paid, the statute appears to me to state by implication that he will be liable to compensate the landlord by paying him the amount of rent which is due. This is the consequence of the enactment which makes the removal without payment of rent illegal. It is only upon payment of the rent that the sheriff is entitled to remove the goods. The cases, however, show that though the amount of rent is, *prima facie,* the measure of damages, it is open to the sheriff, after the landlord has proved his case by giving evidence of the tenancy, the amount of rent due, and notice to show in mitigation of damages that the value of the goods removed was not sufficient to pay the rent. In such case, the loss to the landlord by the removal of the goods, or, in other words, their value to him at the time of the removal, becomes the measure of damages."

See, also, *Hand* v. *Howell, supra,* and *Calvert* v. *Joliffe, 2 Barn. & Adol. 418.* By analogy to suits against a sheriff it seems that if a receiver violates his duty under the statute a suit against him will lie for damages suffered from such wrongful act. But whatever right of action the landlord may have against the receiver personally and whatever the measure of damages may be in such an action neither precedent nor sound reason is presented to supported a contention that the funds of the insolvent estate should be subject to a priority of the landlord beyond the moneys which came into the estate from the wrong committed by the receiver against the landlord.

The landlord is not entitled to a preference for its claim of $1,450.

Moreover, the court will not follow the landlord's claim into a fund unless the officer has so deviated from his duty as to be liable to an action for removing the goods. *Central Bank of New Jersey* v. *Peterson, supra.* We cannot, on the state of case put in our hands, say that such a situation here exists. We have not considered whether the application of this principle should properly result in the wiping out of the preference up to $50. That question is not raised.

The order appealed from will be affirmed.

*For affirmance*—The Chief-Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfskeil, Rafferty, JJ. 12.

*For reversal*—None.